732

## WOODWORTH et al. v. CONNECTICUT MUT. LIFE INS. CO.

District Court, S. D. New York.
March 6, 1939.

Harry B. Solow, of New York City, for plaintiffs.

Clark & Baldwin, of New York City (John Kirkland Clark and Ganson J. Baldwin, both of New York City, of counsel), for defendant.

COXE, District Judge.

This is a suit to rescind a life annuity policy issued by the defendant to Chauncey C. Woodworth on Aug. 25, 1936, on the ground that there was "a unilateral mistake of material fact".

The complaint alleges that Woodworth paid the defendant $25,000 on Aug. 25, 1936, for a single premium annuity policy providing for quarterly annuity payments to Woodworth during the balance of his lifetime; that he was 52½ years old at the time the policy was issued, and had a life expectancy of 19½ years according to the mortality tables; that he was unaware that he had diseases of such a serious nature that he could not "by any possibility" have lived more than two years; that he would not have purchased the policy if he had known his physical condition; that he died on July 15, 1937, from such diseases; and that he received only three annuity payments totaling $1,185.75, thus unjustly enriching the defendant to the extent of $23,814.25.

There is no suggestion in the complaint of fraud or overreaching on the part of the defendant; nor is there any allegation that the defendant knew of Woodworth's physical condition when the policy was issued. The entire basis of the suit is that Woodworth could not "by any possibility" have lived more than two years, and that he was ignorant of his physical condition.

I think that it is entirely clear that a life annuity policy such as this cannot be rescinded on any such ground as that asserted in the complaint, Rishel v. Pacific Mut. Life Ins. Co., 10 Cir., 78 F.2d 881; Rinn v. New York Life Ins. Co., 7 Cir., 89 F.2d 924. The cases relied on by the plaintiff have no application. They do not involve annuity policies, but for the most part have to do with mistakes in agreements which do not depend on mutual considerations. I think, therefore, that the complaint is plainly bad on its face.

The motion of the defendant to dismiss for insufficiency is granted.